UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| KEIBER ALEJANDRO ARELLANO QUERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION FACILITY,<br><br>Respondent. | No. 1:26-CV-00521-H |

**ORDER**

Petitioner is a native and citizen of Venezuela. Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas petition challenging his detention pending the outcome of his immigration proceedings. Dkt. No. 1. He seeks release on supervision or a prompt bond hearing. Petitioner also filed an emergency motion that the Court construes as seeking a temporary restraining order (TRO) that prevents his transfer to another detention facility outside this district while his petition remains pending. Dkt. No. 4. As explained below, the motion is denied.

**1. Legal Standards**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Analysis and Conclusion**

After reviewing Petitioner's pleadings, the supporting records, and the applicable law, the Court concludes that he has not satisfied all of the elements necessary to warrant a TRO or any type of emergency injunctive relief at this time.

First, Petitioner fails to show that there is a substantial likelihood that he will be able to demonstrate that his detention violates the Constitution or laws of the United States, that

there is a substantial threat of irreparable harm, or that issuing the injunction will not disserve the public interest. Petitioner plainly admits that his immigration proceedings are pending and seeks release on bond until an immigration judge determines his immigration status. He does not attack the fact of his detention, just the continued duration of it without bond. Moreover, the Court takes judicial notice of the fact that Petitioner is scheduled to have a master hearing before an immigration judge on October 28, 2026.[1]

Second, Petitioner's possible transfer to another district in the future will not affect the Court's jurisdiction to adjudicate his petition. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). Thus, to the extent Petitioner seeks an order preventing his transfer to another district, the request is denied as unnecessary.

For these reasons, the Court denies Petitioner's motion for TRO. Petitioner's petition remains pending, and the Court will enter a separate order requiring an answer from Respondent and setting a briefing schedule.

So ordered.

Dated October 21, 2026.

James Wesley Hendrix
United States District Judge

[1] The Court takes judicial notice of public case information available on the U.S. Department of Justice Executive Office for Immigration Review website. *See* https://www.justice.gov/eoir/board-of-immigration-appeals (last visited October 21, 2026).